THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:16-cr-00002-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| BARRY CARLTON TAYLOR, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's second motion entitled "Pro Se Motion for Emergency and Extraordinary Hearing in Order to Save Defendant's Life" [Doc. 61] and the Government's Motion to Dismiss [Doc. 63].

**I.   BACKGROUND**

In July 2016, the Defendant Barry Carlton Taylor was convicted of one count of fraud by a commodities pool operator and one count of money laundering and was sentenced to 135 months' imprisonment. [Doc. 28]. The Defendant is currently incarcerated at FCI Butner Low, and his projected release date is April 20, 2026.[1]

---

[1] See https://www.bop.gov/inmateloc/ (last visited Dec. 8, 2020).

On August 31, 2020, the Defendant filed a petition pursuant to 28 U.S.C. § 2241 seeking immediate release due to the COVID-19 pandemic. [Doc 54]. On September 8, 2020, the Court denied the Defendant's motion without prejudice to refiling in the district of confinement. [Doc. 56]. On September 28, 2020, the Defendant filed a motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 57]. The Court denied the Defendant's motion without prejudice to refiling after the Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the Defendant's facility, whichever is earlier. [Doc. 59].

The Defendant filed the present motion on October 22, 2020, asserting that he has exhausted his administrative remedies. [Doc. 61]. The Court ordered the Government to respond, and the Government did so on November 19, 2020, by filing a motion to dismiss. [Doc. 63]. The Defendant has filed a response in opposition to the Government's motion to dismiss [Doc. 65], and the Government has advised the Court that it does not intend to file a reply. Accordingly, this matter is ripe for disposition.

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). By its plain language, § 3582(c)(1)(A) makes clear that a defendant must first exhaust all administrative remedies or wait thirty days after submitting a request for release from the warden without receiving any response before filing a motion for a sentence reduction. Further, the Court of Appeals for the Fourth Circuit has held that a district court lacks the authority to modify a sentence except in the narrow circumstances and procedures set forth in § 3582. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010).[2]

---

[2] The Fourth Circuit has not yet ruled on whether the exhaustion requirements in § 3582(c)(1)(A) are jurisdictional or merely a claims-processing rule. This Court, however, need not decide that issue in order to resolve the present motion. Either way, the Defendant must exhaust his administrative remedies as defined in § 3582(c)(1)(A) before filing a motion for compassionate release in this Court. See Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); United States v. Williams, No. CR

3

Here, the Defendant seeks compassionate release based upon his heightened susceptibility to serious illness or death should he become infected with COVID-19. He further contends that he has exhausted his administrative remedies with respect to his compassionate release request. [Doc. 61]. A careful review of the documents submitted by the Defendant reveals, however, that the reduction in sentence that the Defendant has requested through the BOP relates to his original request in 2019 for compassionate release due to certain medical conditions which he alleges are terminal. [See Docs. 61-2, 65-1]. None of the documentation provided by the Defendant establishes that he made a specific request for a reduction in sentence due to his heightened susceptibility to serious illness or death from a COVID-19 infection.[3] Thus, the Defendant has not complied with the requirements of the statute, and the Court cannot grant the requested relief.

---

JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (denying motion for reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional).

[3] The only document submitted by the Defendant that references the COVID-19 pandemic is a letter addressed to the warden of his BOP facility dated May 11, 2020, in which the Defendant purports to seek a compassionate release to home confinement. [Doc. 61-2 at 8]. However, there is nothing in the record to indicate that this letter was actually delivered to the warden through the appropriate channels. As noted in the Declaration of Mallory Storus, a BOP attorney, the BOP has no record of the Defendant ever requesting a compassionate release from the warden of his current facility citing the COVID-19 pandemic. [Doc. 63-1 at 4].

Accordingly, the Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is denied without prejudice.

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss [Doc. 63] is **GRANTED**, and the Defendant's "Pro Se Motion for Emergency and Extraordinary Hearing in Order to Save Defendant's Life" [Doc. 61] is **DENIED**. The denial of the Defendant's request for compassionate release is **WITHOUT PREJUDICE** to refiling after the Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the Defendant's facility, whichever is earlier.

**IT IS SO ORDERED.**

Signed: December 9, 2020

Martin Reidinger
Chief United States District Judge