THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:16-cr-00002-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| BARRY CARLTON TAYLOR, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Pro Se Motion for Reconsideration of Defendant's Motion for Reduction of Sentence" [Doc. 67].

**I.  BACKGROUND**

On August 31, 2020, the Defendant filed a petition pursuant to 28 U.S.C. § 2241 seeking immediate release due to the COVID-19 pandemic. [Doc 54]. On September 8, 2020, the Court denied the Defendant's motion without prejudice to refiling in the district of confinement. [Doc. 56]. On September 28, 2020, the Defendant filed a motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 57]. The Court denied the Defendant's motion without prejudice to refiling after the Defendant has fully exhausted all administrative rights to appeal a failure of

the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the Defendant's facility, whichever is earlier. [Doc. 59]. The Defendant then filed a second motion for compassionate release on October 22, 2020, asserting that he had exhausted his administrative remedies. [Doc. 61]. The Government moved to dismiss the Defendant's motion on the grounds that he had not shown the necessary exhaustion. [Doc. 63]. The Defendant responded to the Government's motion to dismiss [Doc. 65], and on December 10, 2020, the Court entered an Order granting the Government's motion to dismiss and again denying the Defendant's motion for compassionate release without prejudice. [Doc. 66].

On December 28, 2020, the Court received the present motion, in which the Defendant seeks reconsideration of the Court's December 10, 2020 Order. [Doc. 67].

## II. DISCUSSION

In the Order denying the Defendant's second motion for compassionate release without prejudice, the Court found that the Defendant had failed to demonstrate that he had ever requested a compassionate release from the warden of his current facility due to the COVID-19 pandemic. [Doc. 66].

In support of his motion for reconsideration, the Defendant submits an undated Staff Response referencing a May 11, 2020 request[1] by the Defendant for a release to home confinement. [Doc. 67-1 at 2]. The Defendant argues that this letter "confirms not only the receipt of the May 11, 2020 letter but also a denial by referring the Defendant to his unit team." [Doc. 67 at 1]. The Defendant argues that this Staff Response is therefore sufficient to show that he made a proper request to the warden of his facility and that such request was denied. [Id.]. Contrary to the Defendant's contention, however, this Staff Response merely indicates that the Defendant failed to follow the proper administrative procedures for initiating a compassionate release request. [See Doc. 67-1 at 2 ("Requests for reduction in sentence (RIS), early home confinement and COVID-19 related release requests should be initially submitted to your Unit Team or to the Social Worker for review and processing.")].

The language of Section 3582(c)(1)(A) is clear: Before a defendant may seek a modification of his sentence in the courts, the defendant must

---

[1] While not included with his Motion for Reconsideration, the Defendant submitted this May 11, 2020 correspondence with his second motion for compassionate release. [Doc. 61-2 at 8]. In this correspondence, which is addressed to the warden of his BOP facility, the Defendant cites the COVID-19 pandemic in seeking a compassionate release to home confinement. [Id.]. As the Court noted, however, there was nothing in the record to indicate that this letter was actually delivered to the warden through the appropriate channels. [See Doc. 66 at 4 n.3].

3

first exhaust all administrative remedies or wait thirty days after submitting a request for release from the warden without receiving any response before filing a motion for a sentence reduction. The Defendant has failed to demonstrate that he has complied with the requirements of the statute, and therefore, the Court cannot grant the requested relief. Accordingly, the Defendant's motion for reconsideration is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Pro Se Motion for Reconsideration of Defendant's Motion for Reduction of Sentence" [Doc. 67] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 4, 2021

Martin Reidinger
Chief United States District Judge