# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:16-cr-00002-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BARRY CARLTON TAYLOR, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's *Pro Se* Motions for Reconsideration of Defendant's Motion for Reduction of Sentence [Docs. 69, 71]; the Government's Response to Defendant's Fourth Motion for Compassionate Release and Motion to Reconsider [Doc. 72]; the Government's Motion to Seal Exhibit [Doc. 73]; and the Defendant's Reply to the Government's Response [Doc. 75].

**I.    BACKGROUND**

In July 2016, the Defendant Barry Carlton Taylor was sentenced to a total of 135 months of imprisonment for fraud by a commodities pool operator and money laundering. [Doc. 28]. The Defendant is currently serving this

sentence at FCI Butner Low, and his projected release date is April 20, 2026.[1]

The Defendant has filed four *pro se* motions seeking release due to the COVID-19 pandemic, and the Court has denied all of them. He filed his first motion on August 31, 2020, as a habeas petition under 28 U.S.C. § 2241. [Doc. 54]. The Court denied that motion on September 8, 2020 because the Defendant failed to file it in the district of confinement. [Doc. 56]. His second motion sought compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and requested that the Court waive the exhaustion of his administrative remedies. [Doc. 57]. The Court denied that motion without prejudice for failure to comply with the statute. [Doc. 59]. In his third motion, the Defendant asserted—without proof—that he had complied with the statutory exhaustion requirement. [Doc. 61]. In response, the Government filed a motion to dismiss, arguing that a search of BOP records revealed no evidence of a properly filed administrative request. [Doc. 63]. The Court granted the Government's motion and dismissed the Defendant's motion, finding that the Defendant again had failed to comply with the statute. [Doc. 66].

---

[1] See https://www.bop.gov/inmateloc/ (last visited March 10, 2021).

The Defendant filed his fourth motion for compassionate release on December 28, 2020. [Doc. 67]. To show the necessary administrative remedies were pursued, the Defendant attached an undated Request to Staff form referencing a May 11, 2020 request by the Defendant for a release to home confinement. [Doc. 67-1 at 2]. The Court found that the attachment "merely indicates that the Defendant failed to follow the proper administrative procedures for initiating a compassionate release request" and denied the motion. [Doc. 68 at 3, 4]. The Defendant then filed two different motions to reconsider the Court's ruling. [Docs. 69, 71]. The Court ordered the Government to respond to these latest two filings. [Doc. 70; Text-Only Order, Jan. 29, 2021]. The Government filed its Response on February 8, 2021. [Doc. 72]. The Court received the Defendant's Reply on February 24, 2021. [Doc. 75].

## II. DISCUSSION

### A. Motion for Compassionate Release

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to

3

appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Defendant bears the burden of showing that he is entitled to relief under the statute. United States v. Edwards, 451 F. Supp. 3d 562, 565 (W.D. Va. 2020).

Here, the Defendant again has failed to show that he has exhausted his administrative remedies with BOP. His latest documents, like those previously filed, are insufficient to meet this burden. First, the Defendant asserts that on December 15, 2020, he re-dated and re-sent a letter originally dated May 11, 2020. [Doc. 69 at 2; Doc. 69-1]. The Defendant offers no evidence, however, that he sent this letter to anyone, much less to the Warden, through proper channels. There are no markings to indicate receipt, nor a copy of an envelope suggesting delivery. [Doc. 69-1].

Second, the letter twice requests "Compassionate Release to home confinement." [Doc. 69-1 at 2, 3]. He follows with a definition of "release" indicating that he is requesting a BOP transfer to home confinement, not compassionate release. [Id. at 4]. If in fact any BOP officials received this letter, they likely treated it as a request for home confinement, not as a

request for compassionate release. A request for a transfer to home confinement does not satisfy the exhaustion requirement. See <u>United States v. Desjardins-Racine</u>, 817 F. App'x 219, 221 (6th Cir. 2020), cert. denied, 2021 WL 78363 (U.S. Jan. 11, 2021). And, to the extent that the Defendant sought only a transfer to home confinement from BOP, this Court lacks the authority to review BOP's decision. See <u>United States v. Godwin</u>, No. 1:17-cr-00008-MR-WCM-1, 2020 WL 2319699, at *1 (W.D.N.C. May 11, 2020).

In his second motion for reconsideration, the Defendant asserts that he sent a one-paragraph, hand-written form "directly" to the Warden requesting a "reduction in sentence." [Doc. 71-1 at 1; Doc. 71-2]. Again, however, there is nothing in the record to indicate that he sent this to the Warden at all. Indeed, the Defendant received a response back from an administrative remedy processor informing him why his request was procedurally deficient, which indicates that the Warden actually did not receive the request. [Doc. 71-2 at 2]. For all these reasons, the Court concludes that, despite the filing of multiple motions for compassionate release, the Defendant still has failed to meet his burden of demonstrating that he has complied with the administrative requirements of the statute.

Even assuming, however, that the Defendant did satisfy the statutory requirements, the Defendant still would not be entitled to relief. As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. As is relevant here, the application note to § 1B1.13 specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is:

> (I) suffering from a serious physical or medical condition,
6

> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). This policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). Nevertheless, the Court

recognized, that the policy statement "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7.

Here, the Defendant offers only vague claims regarding his health, and he provides no evidence to support them. [See Doc. 67 at 4 ("Defendant is sixty-nine years old with heart and numerous health conditions"); Doc. 67-1 at 1 ("My heart, other health issues and low immune system"); Doc. 69 at 2 ("My heart, lung, kidney and other medical conditions"); Doc. 71 at 1 ("underlying health conditions"); Doc. 71-1 at 2 ("underlying health conditions"). His medical records do not support his indefinite health claims. Contrary to his assertions, there is no evidence of any lung, kidney, or immune system issues in his BOP medical records. [See Doc. 74]. While there is some evidence of some mild heart issues and hypertension, it appears that these conditions are adequately treated with medication. [See id. at 24]. There is no evidence in his records that these conditions are debilitating or diminish his ability to provide self-care, and they appear to be well-controlled with medication.

Further, as the Government notes, the Defendant tested positive for the virus in February 2020, and although he was symptomatic, he has since fully recovered. [Doc. 74 at 23]. Current scientific evidence suggests that

8

reinfection is uncommon after initial infection. Additionally, BOP is in process of vaccinating its inmate population, and the Defendant's antibodies against the virus likely will protect him until he receives a vaccine. Because the Defendant has already contracted the virus and recovered without complication, and because he is likely to be vaccinated in the near future, the Defendant cannot meet his burden of establishing that his COVID-19 risk is an extraordinary and compelling reason for his release.

The Court notes that the Federal Bureau of Prisons ("BOP") has taken significant measures to protect the health of its inmates. See United States v. Johnson, No. 1:19-cr-00020-MR-WCM, 2020 WL 7646809, at *2-3 (W.D.N.C. Dec. 23, 2020) (Reidinger, C.J.). Taken together, these measures are designed to mitigate sharply the risks of COVID-19 transmission in BOP institutions while allowing BOP to continue to fulfill its mandate of incarcerating those persons sentenced or detained based on judicial orders. Given BOP's efforts, the fact that the Defendant faces a potential risk of contracting the virus while incarcerated, without more, is not sufficient to justify the relief he requests. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot

9

independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

Even if the Defendant could establish an extraordinary and compelling reason for his release, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is warranted. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

The Defendant offers no evidence or argument regarding the relevant sentencing factors, and he has not demonstrated anything that causes the Court to reconsider and reduce those factors now. The Defendant's crimes were extremely serious. He defrauded eighteen victims out of approximately $2.5 million in a Forex trading scheme. [Doc. 22: PSR at 4]. The Defendant engaged in this fraud scheme despite the order of another federal judge that prohibited him from engaging in similar business ventures. [See Doc. 24-1 Order from M.D. Fl.; Doc. 22: PSR at 7]. For all these reasons, the Court concludes that the need for the sentence to reflect the true extent and seriousness of the Defendant's offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the

10

public from the Defendant's further crimes militate against a sentence reduction in this case.

In sum, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors continue to weigh in favor of his continued incarceration. Accordingly, the Defendant's Motions for Reconsideration are denied.

**B.    Motion to Seal**

The Government moves the Court for leave to file under permanent seal the BOP medical records [Doc. 74] filed in support of its Response to the Defendant's Motion for Reconsideration. [Doc. 73].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Government's motion.  The Government filed its motion on February 8, 2021, and such motion has been accessible to the public through

the Court's electronic case filing system since that time. Further, the Government has demonstrated that the subject medical records contain sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these medical records is necessary to protect the Defendant's privacy interests.

**IT IS, THEREFORE, ORDERED** that the Defendant's *Pro Se* Motions for Reconsideration of Defendant's Motion for Reduction of Sentence [Docs. 69, 71] are **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Seal Exhibit [Doc. 73] is **GRANTED**, and the medical records submitted in support of the Government's Response [Doc. 74] shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.** Signed: March 13, 2021

Martin Reidinger
Chief United States District Judge

12